## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMERSON RICHBURG** | : | **CIVIL ACTION** |
| *Petitioner, pro se* | : | |
| | : | **NO. 15-4748** |
| **v.** | : | |
| | : | |
| **KEVIN CAMERON,** *et al.* | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 26th day of February 2019, upon consideration of the revised petition for a writ of *habeas corpus* (the "Petition"), filed by *pro se* Petitioner Emerson Richburg ("Petitioner") pursuant to 28 U.S.C. § 2254, [ECF 5], the response filed by Respondents, [ECF 19], the *Report and Recommendation* issued on May 9, 2018, by the Honorable Henry S. Perkin, United States Magistrate Judge ("the Magistrate Judge"), which recommended that the Petition be denied, [ECF 22], Petitioner's objections, [ECF 31], and the relevant portions of the state court record, it is hereby **ORDERED** that:

1. The *Report and Recommendation* (the "R&R") is **APPROVED** and **ADOPTED**;

2. The objections to the R&R are without merit and are **OVERRULED**;[1]

---

[1] In his revised *habeas corpus* petition, Petitioner raised a total of thirty claims; *to wit*: claims of constitutional insufficiency of evidence, ineffective assistance of trial counsel, "cumulative" misconduct by the prosecutor, erroneous evidentiary rulings that admitted "prior bad acts" evidence against Petitioner, and an improper jury instruction that did not include a third-degree murder charge.

In the R&R, the Magistrate Judge addressed each of Petitioner's claims and found that they either lacked merit or were procedurally defaulted. Specifically, the Magistrate Judge analyzed two of Petitioner's claims which were arguably presented to the state courts for review; *i.e.*, his claims of constitutional insufficiency of the evidence and ineffective assistance of trial counsel for failure to call Jamie Roeder/Richburg as an alibi witness. These claims were rejected by the state courts. The Magistrate Judge's detailed evaluation of the state court's rulings is thorough and legally sound. The Magistrate Judge also found (and Petitioner does not dispute) that Petitioner's remaining claims are procedurally defaulted and, further, noted that "Petitioner makes no real effort to demonstrate that [the] *Martinez* [exception to procedural default] applies to his unexhausted claims." [ECF 22 at 17].

3. Petitioner's revised petition for a writ of *habeas corpus*, [ECF 5], is **DENIED**; and

4. No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ Nitza I. Quiñones Alejandro
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

In Petitioner's 100 pages of objections to the R&R, Petitioner provides his own dissertation of federal statutes and case law and attempts, for the first time, to show that *Martinez v. Ryan*, 566 U.S. 1 (2012), applies to his unexhausted claims. However, Petitioner's extensive exposition fails to comply with Local Rule of Civil Procedure 72.1(IV)(c), which requires that all issues be "presented to the magistrate judges" and that they "not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." Notwithstanding this omission, and in recognition of Petitioner's interpretive efforts and apparent objection, this Court will address Petitioner's arguments with respect to *Martinez*.

Under *Martinez*, a prisoner can obtain review of a procedurally defaulted claim of ineffective assistance of trial counsel by showing, *inter alia*, that appointed counsel at the initial-review collateral proceeding was also ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), and that the underlying claim of ineffective assistance at trial is "substantial." *Martinez*, 566 U.S. 1. While Petitioner correctly identifies *Martinez*'s two-pronged standard, he consistently restricts his analysis to the ineffectiveness of trial counsel, and repeatedly fails to make any meaningful showing either that his PCRA counsel was ineffective under *Strickland*, or that the underlying claims are substantial. As such, Petitioner has not shown that his procedurally defaulted claims are entitled to review under *Martinez*.

After a *de novo* and careful review of Petitioner's objections, this Court finds that no error was committed by the Magistrate Judge in the analysis of Petitioner's *habeas* claims. Accordingly, Petitioner's objections are overruled, and the R&R is adopted and approved in its entirety.

[2] Lastly, a district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.

2